IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IMA UKOR, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-106 (PTG/JFA) |
| | ) |
| GEORGE MASON UNIVERSITY, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion"). Dkt. 6. The Motion was scheduled to be heard on Thursday, June 22, 2023. The matter was not argued on that date because Plaintiff's local counsel failed to appear. *See* Dkt. 21. As it is fully briefed and ripe for disposition, the Court will proceed to rule on Defendant's Motion to Dismiss on the papers. For the following reasons, Defendant's Motion to Dismiss (Dkt. 6) is **GRANTED**.

**I.  Background**

This case stems from an allegation of sexual harassment from Plaintiff Ima Ukor against Defendant George Mason University. Plaintiff was employed by Defendant as a community assistant in the dorm. Dkt. 1 ¶ 7. Plaintiff alleges that during the time that she was employed, she experienced discrimination, primarily from her direct supervisor. Dkt. 1 ¶¶ 7–33. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Dkt. 1 ¶ 5. On September 28, 2022, the EEOC issued a notice of determination and sent Plaintiff an email notification containing Plaintiff's right to sue. Dkt. 7-4 at 2–3. On October 25, 2022, the EEOC sent Plaintiff a letter by mail, also attaching a notice of Plaintiff's right to sue. Dkt. 1 ¶ 5. On January 23, 2023, Plaintiff filed a Complaint alleging: (1) race discrimination; (2)

color discrimination; (3) sexual harassment; and (4) retaliation. Dkt. 1. On April 14, 2023, Defendant filed a Motion to Dismiss for failure to state a claim. Dkt. 6.

## II. Standard of Review

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009).

## III. Analysis

A plaintiff has ninety (90) days from the time they receive a right to sue letter from the EEOC to file a complaint in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). This requirement is strictly construed in the Fourth Circuit. *See Kelly v. City of Alexandria*, 1:19-cv-00553 (E.D. Va. July 30, 2019; Nov. 6, 2019), *aff'd*, 830 Fed. Appx. 722 (December 9, 2020). The Fourth Circuit has adopted a constructive rather than actual receipt standard with respect to when the clock begins to run on a plaintiff's ninety-day limitations period. *Id.*; *see also Harvey v. City of New Bern Police Dep't.*, 813 F.2d 652, 654 (4th Cir. 1987); *see also Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). In other words, the clock begins to run when the notice of a right to sue is delivered to the plaintiff's address of record, not when it is actually received by

that plaintiff. *Watts-Means*, 7 F.3d at 42. Federal courts use this same deadline to determine whether a claim is time-barred.

On September 28, 2022, after filing a charge of discrimination with the EEOC, Plaintiff received an email containing a right to sue letter. *See* Dkt. 7-4 at 2–3. Plaintiff does not dispute that this is the date the EEOC sent notification of the right to sue letter. *See, e.g.*, Dkt. 17-1 at 10. Instead, Plaintiff argues that the Court should find a later date—October 25, 2022—triggered the ninety-day-period because on that day, Plaintiff received mail from the EEOC that also contained the right to sue letter. The Court declines to do so, in part because that letter was clearly a follow-up to the original notification of Plaintiff's right to sue sent on September 28, 2022. *See* Dkt. 7-4 at 2–3. In fact, the October 25, 2022 letter explicitly refers back to the September 28, 2022 notification indicating Plaintiff's right to sue letter was available for download. It reads "[the EEOC] issued the enclosed document ... on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision ... and advised you to download a copy of the decision document from the Portal." Dkt. 7-4 at 2. The document in question was the original notice of right to sue issued on September 28, 2022. *Id.* at 3.

In accordance with the Fourth Circuit's constructive, rather than actual receipt standard, the Court finds that the appropriate date upon which the clock started running is September 28, 2022—the date the EEOC sent Plaintiff an email notifying her that the right to sue letter was available for download. To be clear, the Court finds that it was the delivery of the right to sue letter to Plaintiff's email that triggered the limitations period regardless of whether and when she downloaded that letter. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). The Court finds persuasive the decision in *Walker-Bey v. Gabrowski*, in which the court determined it was the notice of right to sue that was delivered via email that started the

limitations period. 2022 WL 16700446, at *3 (D.S.C. July 5, 2022), *report and recommendation adopted*, 2022 WL 13848080 (D.S.C. Oct. 24, 2022), *vacated* (Oct. 28, 2022), *superseded*, D.S.C. 2022 WL 16510008 (D.S.C. Oct. 28, 2022), and *report and recommendation adopted*, D.S.C. No. 2022 WL 16510008 (D.S.C. Oct. 28, 2022).

Thus, Plaintiff had ninety (90) days from September 28, 2022 to file a timely complaint in this Court—meaning Plaintiff had to file by December 27, 2022 for her action to be timely. However, Plaintiff did not file this case until January 24, 2023. Dkt. 1. Applying the constructive notice standard and the ninety-day limitations period to the September 28, 2022 delivery date, the Court finds Plaintiff's suit is time-barred and must be dismissed unless equitable tolling applies.

Equitable tolling is appropriate "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Angles v. Dollar Tree Store, Inc.*, 494 Fed. Appx. 326, 332 (4th Cir. 2012). Plaintiff bears the burden to prove that equitable tolling is appropriate. *See Blakes v. Gruenberg*, 1:14-cv-1652, 2015 WL 9274919, at *5 (E.D. Va. Dec. 18, 2015). However, Plaintiff only mentions the concept in passing in her opposition brief. *See, e.g.*, Dkt. 17-1 at 8–10. Even further, while Plaintiff briefly references this concept in her briefing, she did not plead such in her complaint. Plaintiff makes no concrete argument as to how and why equitable tolling should apply, and fails to demonstrate it is plausible that Defendant wrongfully deceived or misled her in order to conceal the existence of a cause of action. *Angles*, 494 Fed. Appx. at 332.

The Court finds no reason for equitable tolling to apply in this case because Plaintiff has not demonstrated the sort of extraordinary circumstances beyond her control that would necessitate equitable tolling to cure some sort of injustice resulting from strict application of the ninety-day limitations period. Plaintiff does argue—for the first time in her opposition—that she lacked

access to the email address to which the notification was sent. Dkt. 17-1 at 8. However, the Court does not find this to be the sort of extraordinary circumstance appropriate for equitable tolling. Even if Plaintiff lacked access to the email that she provided to the EEOC, it was incumbent upon Plaintiff to notify the EEOC of any change of email address or contact information. Indeed, it has been established that equitable tolling does not apply where a plaintiff fails to notify of an address change as required by the EEOC and such a failure results in a lack of actual notice. *Collins v. Concept Sols., LLC*, 1:10-cv-1135, 2011 WL 1167199, at *3, (E.D. Va. Mar. 25, 2011); *see also Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983).

Even considering the fact that Plaintiff may have received actual notice on October 25, 2022, she still had approximately 63 days to file her complaint prior to the December 27, 2022 cutoff date. Plaintiff failed to do so, and failed to demonstrate that 63 days was an insufficient amount of time for her to file her complaint. Thus, it is appropriate for the Court to deny equitable tolling on that ground. *See Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 705 (E.D. Va. 1999) (no basis for equitable tolling where Plaintiff had 60 days from actual notice to file complaint); *Harvey*, 813 F.2d at 654 (no basis for equitable tolling where Plaintiff had 84 days from actual notice to file complaint); *Roberson v. Bowie State Univ.*, 899 F. Supp. 235, 238–39 (D. Md. 1995) (equitable tolling inappropriate where Plaintiff had 73 days to file complaint). For these reasons, the Court does not find grounds for equitable tolling to exist.[1]

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 6) is **GRANTED**. It is further

---

[1] Defendant makes additional arguments as to why Plaintiff's Complaint fails to state a claim upon relief may be granted, but the Court need not and will not address those arguments because it finds Plaintiff's entire suit is untimely. Likewise, the Court will not substantively address Defendant's argument that Plaintiff's race and color claims were not properly exhausted because even assuming, *arguendo*, they were properly exhausted, those claims would still be untimely.

**ORDERED** that this civil action be and is **DISMISSED**.

Entered this 3rd day of August, 2023.

/s/
Patricia Tolliver Giles
United States District Judge